J-S29014-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                                :         PENNSYLVANIA
                                                :

           v.                            :
                                                :

MALIK ALSTON                      :
                                                :

           Appellant              :     No. 75 EDA 2021

Appeal from the PCRA Order Entered November 23, 2020
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0010385-2007

BEFORE:   PANELLA, P.J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.:         **FILED DECEMBER 10, 2021**

Malik Alston appeals from the order entered in the Philadelphia County Court of Common Pleas on November 23, 2020, dismissing, without a hearing, his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. §§ 9541-9546. For the reasons discussed below, we find the PCRA court properly denied Alston relief and affirm.

On November 13, 2008, after a bench trial, Alston, along with a co-defendant, his brother, was found guilty of first-degree murder and related offenses. The court sentenced Alston to a mandatory term of life imprisonment. We subsequently affirmed Alston's judgment of sentence on direct appeal. On April 5, 2011, the Pennsylvania Supreme Court denied

_____

[*] Former Justice specially assigned to the Superior Court.

Alston's petition for allowance of appeal. Alston did not appeal to the United States Supreme Court.

On May 20, 2016, Alston filed a *pro se* PCRA petition. Counsel was appointed and filed an amended petition alleging Alston was entitled to relief based on newly discovered evidence. Specifically, Alston had received a letter from The Innocence Project, notifying him that his co-defendant was willing to recant his statement to police that Alston was the shooter. An affidavit authored by the co-defendant was attached to the amended petition, in which he claimed to have lied about Alston being the shooter for safety reasons.

A hearing was held, at which the co-defendant was the only witness. The court denied Alston's petition, finding the recantation testimony to be incredible. We affirmed the denial[1] and our Supreme Court later denied Alston's petition for allowance of appeal.

On June 18, 2019, Alston filed a writ of habeas corpus in the civil trial division, requesting review on grounds of fraud and wrongful arrest. The

_____

[1] While the first PCRA petition was still pending on appeal in this Court, Alston filed another *pro se* PCRA petition, on December 21, 2017, based on another affidavit he received from The Innocence Project, this time authored by a witness to the murder who claimed Alston was not the person he saw commit the murder. After issuing notice pursuant to Pa.R.Crim.P. 907, the PCRA court dismissed the petition pursuant to **Commonwealth v. Lark**, 746 A.2d 585 (Pa. 2000) (when PCRA appeal is pending, subsequent PCRA petition cannot be filed until resolution of review of pending PCRA petition by highest state court in which review is sought, or at expiration of time for seeking such review).

petition was transferred to the PCRA court for review, where it was dismissed as an untimely PCRA petition.

On January 15, 2020, Alston filed the instant *pro se* PCRA petition in which he argued he obtained new evidence of trial counsel ineffectiveness in the form of affidavits from his former and current wife. The PCRA court issued notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. On November 23, 2020, the PCRA court dismissed the petition. This appeal followed.

Prior to reaching the merits of Alston's claims on appeal, we must consider the timeliness of his PCRA petition. **See Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa. Super. 2014).

> A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence becomes final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S.[A.] § 9545(b)(1). A judgment becomes final at the conclusion of direct review by this Court or the United States Supreme Court, or at the expiration of the time for seeking such review. The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein. The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions.

**Commonwealth v. Jones**, 54 A.3d 14, 16-17 (Pa. 2012) (internal citations and footnote omitted).

Alston's judgment of sentence became final in July 2011, ninety days after his petition for allowance of appeal was denied by the Pennsylvania

- 3 -

Supreme Court, when time for filing a petition for writ of certiorari to the United States Supreme Court expired. The instant petition – filed more than eight years later – is patently untimely. Therefore, the PCRA court lacked jurisdiction to review Alston's petition unless he was able to successfully plead and prove one of the statutory exceptions to the PCRA's time-bar. **See** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

> The PCRA provides three exceptions to its time bar:
>
> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Exceptions to the time-bar must be pled in the petition, and may not be raised for the first time on appeal. **See Commonwealth v. Burton**, 936 A.2d 521, 525 (Pa. Super. 2007); **see also** Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal). Further,

> [a]lthough this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court. This Court may quash or dismiss an appeal if

- 4 -

an appellant fails to conform with the requirements set forth in the Pennsylvania Rules of Appellate Procedure.

*Commonwealth v. Lyons*, 833 A.2d 245, 251–52 (Pa. Super. 2003) (citations omitted).

Even liberally construed, Alston has failed to plead and prove that any of his claims constitute a valid exception to the PCRA time-bar. In his *pro se* petition, Alston asserted he meets the requirements of Section 9545(b)(1)(ii), i.e., the newly discovered fact exception to the PCRA's time-bar based on affidavits from his current and former wife that prove trial counsel promised him a third-degree murder conviction if he waived his right to a jury trial.

Section 9545(b)(1)(ii) requires the petitioner to allege and prove that there were facts that were unknown to him and that he could not have ascertained those facts by the exercise of due diligence. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1270-72 (Pa. 2007). "The focus of the exception is on [the] newly discovered facts, not on a newly discovered or newly willing source for previously known facts." *Commonwealth v. Marshall*, 947 A.2d 714, 720 (Pa. 2008) (citation omitted); *see also Commonwealth v. Abu-Jamal*, 941 A.2d 1263 (Pa. 2008) (holding an affidavit alleging perjury did not bring a petitioner's claim of fabricated testimony within the scope of section 9545(b)(1)(ii) because the only "new" aspect of the claim was that a new witness had come forward to testify regarding the previously raised claim).

First, Alston provides a letter and affidavit from his current wife, Tyreeka Turner, in which she claims she only recently discovered a letter from trial counsel while cleaning out her house during remodeling. The affidavit indicates that the letter was sent from trial counsel to Alston and can prove that trial counsel "promised" Alston and his family a third-degree murder conviction for choosing a bench trial over a jury trial. A copy of the letter from counsel was included with the petition and states,

> As I advised you and your family previously, the only way I am able to accomplish the third-degree murder conviction, is if you take a bench trial as opposed to a jury trial. Your trial will be held in front of the Hon. Sheila Woods-Skipper, who's fair in judgment considering the facts of your case.

PCRA Petition, 1/15/2020, at Exhibit "B".

However, even if we assume that this letter constitutes a promise of a conviction for third degree murder, this is not a "newly discovered fact." It is clear Alston has held this belief since before trial and could have raised the issue sooner, either at sentencing or in a previous PCRA petition. In fact, Alston admits he has known about this claim all along, but did not raise it sooner because he wanted another source for the information. *See* Appellant's Brief, at 15-16. Again, the "fact" that another witness was willing to testify to previously known facts does not satisfy the newly discovered fact exception to the PCRA's time-bar.

Further, Appellant states it is notable that the letter was addressed to Appellant but was mailed to Turner, concluding there "is no evidence that the

Appellant received and/or saw the letter or even knew of its' existence." Appellant's Brief, at 16. If this is the case, this "new evidence" would not even be relevant. Either counsel promised Appellant a third-degree murder conviction or he did not. If Appellant never saw this letter, or knew of its existence, then it is not proof that Appellant knew of the alleged promise from trial counsel, and there would be no proof of reliance on that promise.

Next, Alston attempts to invoke the newly-discovered fact exception based on a letter and affidavit from his ex-wife, Remy Wimbro. In the affidavit, Wimbro claims she appeared in court to testify as an alibi witness on Alston's behalf, but trial counsel informed her prior to trial that she would not be needed for the proceedings anymore because "some type of deal [was] being made with the Judge" on Alston's behalf. PCRA Petition, 1/15/2020, at Exhibit "A".

Notably, Alston makes it clear the Wimbro affidavit was *not* offered to prove there was an alibi witness who was willing to testify, and that trial counsel failed to call the witness. **See** Appellant's Brief, at 20. Rather, the affidavit was solely offered to establish that trial counsel told Wimbro that he had a "plan." **Id**. Appellant goes on to state what, in his belief, that "plan" did not include. **Id**. at 20-21. This is simply not a new fact. Without more, proof that an attorney had a plan is just proof that an attorney is doing their job. Further, as this affidavit was also offered to prove the "fact" that  trial counsel allegedly planned and/or promised a third-degree murder conviction in

exchange for Appellant waiving his right to a jury trial, Wimbro would just be another witness willing to testify to previously known "fact:" that counsel allegedly promised Appellant a third-degree murder conviction if he waived his right to a jury trial. As previously discussed, this does not satisfy the newly discovered fact exception to the PCRA's time-bar.

Finally, Alston boldly claims he has been seeking this evidence ever since he was convicted. However, he does not explain why he could not have learned of this information sooner. As they were married at the time of trial, it is unclear why Alston could not have asked Wimbro at that time why she ended up not testifying on his behalf.

As the PCRA court properly concluded Alston's PCRA petition was untimely and does not fall under an exception to the PCRA time bar, we affirm the PCRA court's order dismissing the petition.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/10/2021